IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARNAIL WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv279-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Marnail Washington ("Washington"), a federal inmate, has filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I.  BACKGROUND

On July 7, 2003, pursuant to a plea agreement, Washington entered a guilty plea to the following five counts:  one count of possession with intent to distribute five grams or more of cocaine base within 1,000 feet of a school (21 U.S.C. §§ 841(a)(1) and 860(a)); one count of possession of a firearm within 1,000 feet of a school (18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4)(A)); one count of possession with intent to distribute 50 grams or more of cocaine base (21 U.S.C. § 841(a)(1)); and two counts of possession of a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)).[1]  After a sentencing hearing on December 19, 2003,

---

[1] Washington pled guilty to possessing different guns in connection with two different quantities of drugs in separate locations and on separate occasions six days apart.

the district court sentenced Washington to 481 months in prison.[2]  Judgment was entered accordingly on January 7, 2004.

Washington thereafter filed a direct appeal.  On September 20, 2004, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence.  *See United States v. Washington*, 122 F. App'x 986 (11th Cir. 2004) (unpublished).  Washington, through counsel, petitioned the United States Supreme Court for a writ of certiorari, and on February 28, 2005, the Supreme Court denied the petition for certiorari review. *Washington v. United States*, 543 U.S. 1192 (2005).

On May 4, 2006, Washington filed a *pro se* motion for permission to file an "out-of-time 28 U.S.C. § 2255 motion," asserting that his appellate counsel negligently failed to inform him of the Supreme Court's denial of his petition for certiorari review and that counsel's negligence in this regard warranted equitable tolling of the statutory limitation period so that he should be allowed to file a § 2255 motion that would be considered timely. Case No. 2:03cr57-MHT, Doc. No. 110.  On September 11, 2006, this court denied Washington's motion for permission to file an out-of-time § 2255 motion. *Id.,* Doc. No. 129.

---

[2] Washington's 481-month sentence comprised the following: 120 months for the two controlled substance offenses, to be served concurrently with each other; and 1 month for possessing a firearm within 1,000 feet of a school, 60 months for one count of possessing a firearm in relation to a drug trafficking crime, and 300 months for the second count of possessing a firearm in relation to a drug trafficking crime, to be served consecutively to each other and to the sentence imposed for the controlled substance offenses.

On March 22, 2010,[3] Washington, acting *pro se*, filed the instant § 2255 motion (Doc. No. 1).  In his motion, Washington argues that the district court erred by treating his two convictions for violating 18 U.S.C. § 924(c) as a "first conviction" and a "second or separate conviction," mandating imposition of a consecutive 25-year (300-month) sentence for the "second" § 924(c) conviction.  In addition, Washington asserts that he is actually innocent of one of the § 924(c) convictions because the conduct for which he was convicted did not constitute a criminal offense under that statute.

The government maintains that Washington's § 2255 motion is barred from review because it was filed after expiration of the one-year federal limitation period.  Doc. No. 6; *See also* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[4]  Upon review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that Washington's § 2255 motion should be denied and this case dismissed because the motion was not filed within the time allowed by federal law.

## II.   DISCUSSION

### A.   *One-year Limitation Period*

The timeliness of Washington's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That section provides the following:

---

[3] Washington represents that he signed his § 2255 motion on March 22, 2010.  Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date.

[4] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  This section became effective on April 24, 1996.

3

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The judgment of conviction became final in Washington's case on February 28, 2005, the date the United States Supreme Court denied his petition for a writ of certiorari. *See Barnes v. United States*, 437 F.3d 1074, 1077 (11th Cir. 2006). Washington then had one year, specifically until February 28, 2006, in which to file his § 2255 motion. Washington did not file the instant § 2255 motion until March 22, 2010, more than four years after expiration of the statute of limitations.

Washington does not appear to dispute the foregoing timeline, but he does offer two reasons why he believes this court should consider his § 2255 motion despite its untimeliness. First, he asserts that this court should consider his motion despite its

untimeliness because he is "actually innocent" of one of the offenses of which he was convicted.  Next, he asserts that extraordinary circumstances exist in his case entitling him to equitable tolling of the limitation period.[5]  Washington's arguments in this regard are discussed below.

**B.     *"Actual Innocence" as Gateway to Excuse Time Bar***

Washington contends that he is actually innocent of one of the § 924(c) offenses of which he was convicted and that he therefore has a "gateway" to collateral review of his otherwise time-barred § 2255 motion.[6]  Doc. No. 1 at 5-6; Doc. No. 2 at 2-21.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held that prisoners asserting innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  Also, a petitioner would have to show "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Washington appears to argue that the firearm forming the basis of the allegations of

---

[5] Washington does not appear to argue for the applicability of any of the "statutory tolling" provisions of § 2255(f)(2)-(4), and indeed none of these sections appear to apply in his case.

[6] Actual innocence may provide an exception to the one-year filing requirement under 28 U.S.C. § 2255(f).  *See United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005) (examining merits of underlying claim of actual innocence in order to determine whether § 2255 movant could surmount time-bar of limitation period).  *See also Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000).

Count 2 of the indictment – one of the two § 924(c) counts to which he pled guilty – was insufficiently connected to any drug trafficking crime and that the presence of the firearm in the vehicle in which he was arrested, coupled with his mere possession of drugs "consistent with personal use," could not establish criminal liability under § 924(c), and therefore he is actually innocent of the § 924(c) charge in Count 2.  Doc. No. 2 at 4-20.

There are two different ways to violate 28 U.S.C. § 924(c)(1):  the statute makes it an offense to **either** (1) use or carry a firearm during and in relation to a crime of violence or drug trafficking crime **or** (2) possess a firearm in furtherance of such crime.  *See, e.g., United States v. Timmons*, 283 F.3d 1246, 1250-53 (11th Cir. 2002); *United States v. Daniel*, 173 F. App'x 766, 770 (11th Cir. 2006) ("Thus, there are two separate ways to violate the statute: to use or carry a firearm during and in relation to a drug trafficking crime or to possess a firearm in furtherance of a drug trafficking crime.").

Count 2 of the indictment in Washington's case charged, in pertinent part:

> On or about the 7th day of February, 2003, . . . [Washington] knowingly used, carried, and possessed a firearm, namely a [firearm listed by make, model, and serial number], during and in relation to, and in furtherance of, a drug trafficking crime.

Case No. 2:03cr57-MHT, Doc. No. 24 at 2.  The factual basis for this count as stated in the plea agreement signed by Washington provided, in pertinent part:

> Defendant acknowledges and agrees that on February 7, 2003, he possessed, with an intent to distribute, approximately 33 grams of cocaine base on the campus of Sidney Lanier High School in Montgomery, Alabama.  Defendant acknowledges and agrees that on that same date at Sidney Lanier High School he also possessed a firearm, a [firearm listed by make, model, and serial

number], during and in relation to, and in furtherance of, his cocaine base
possession. . . .  Defendant further acknowledges and agrees that his conduct
at Sidney Lanier High School violated Title 18, United States Code, Section[
] . . . 924(c)(1)(A).

Case No. 2:03cr57-MHT, Doc. No. 62 at 9.  Thus, by his own admission in the factual basis

set forth in his plea agreement, Washington acknowledged that it was his intent to distribute

the drugs found in his possession on the high school campus.  This contradicts his current

claim that his drug possession was "consistent with personal use."

In pleading guilty, Washington also acknowledged that he possessed the firearm in

question at the same time he possessed the drugs he intended to distribute, and the factual

basis for his plea clearly showed that he was at least in constructive possession of the gun.

To establish that a firearm was possessed "in furtherance" of a drug trafficking crime, the

government must show "'some nexus between the firearm and the drug selling operation.'"

*Timmons*, 283 F.3d at 1253 (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir.

2001)).  "The nexus between the gun and the drug operation can be established by '. . .

accessibility of the firearm, . . . proximity to the drugs or drug profits, and the time and

circumstances under which the gun is found.'" *Id.* (quoting *United States v. Ceballos-Torres*,

218 F.3d 409, 414-15 (5th Cir. 2000)).

Moreover, for purposes of the other method of violating § 924(c), it is well settled that

the phrase "carries a firearm" applies "to a person who knowingly possesses and conveys

firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the

person accompanies." *Muscarello v. United States*, 524 U.S. 125, 126-27 (1998); *see also*

*United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) ("A defendant carries a firearm if it is carried directly on his person or carried in his vehicle.").  To prove the "in relation to" requirement of the statute, the government must demonstrate that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence."  *Smith v. United States*, 508 U.S. 223, 238 (1993).  "The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense."  *Id*. (citations and internal punctuation omitted).  *See also Frye*, 402 F.3d at 1128.

Here, the firearm in Count 2 was found in the console of the vehicle Washington was driving near the high school.  The drugs, which Washington acknowledged by his guilty plea that he intended to distribute on the high school campus, were found in Washington's shirt pocket.  The proximity of the gun to the drugs that Washington intended to distribute established a nexus sufficient to prove a violation of § 924(c).  Certainly, moreover, the firearm had at least the potential of facilitating the drug trafficking offense.  *Smith*, 508 U.S. at 238; *Frye*, 402 F.3d at 1128.  Thus, there was actually a sufficient factual basis to establish that Washington's conduct subjected him to criminal liability under *both* methods of proving a violation of § 924(c).  In light of this record, Washington is unable to demonstrate that "it is more likely than not that no reasonable juror would have convicted him" of violating § 924(c).  *Schlup*, 513 U.S. at 327-28.  Accordingly, Washington's arguments are insufficient to establish his actual innocence, and his assertion of actual innocence does not provide a

8

gateway for review of his time-barred claims.

## C.     *Equitable Tolling*

Washington also asserts – as he did in his May 4, 2006, motion for permission to file an "out-of-time 28 U.S.C. § 2255 motion" – that the negligence of his appellate counsel in failing to inform him of the United States Supreme Court's denial of his petition for certiorari review of the Eleventh Circuit's decision affirming his conviction and sentence on direct appeal prevented him from timely filing a motion under 28 U.S.C. § 2255.  Doc. No. 12 at 1-3.  He argues that his counsel's negligence in this regard constitutes circumstances that warrant equitable tolling of the statutory limitation period so that his instant § 2255 motion should be deemed timely.  The claim Washington asserts here suffers the same fate it suffered when he asserted it in 2006, in his motion for permission to file an out-of-time 28 U.S.C. § 2255 motion.

As noted above, the Supreme Court denied Washington's petition for certiorari on February 28, 2005.[7]  Washington maintains that it was not until April 4, 2006, that he first learned that certiorari had been denied by the Supreme Court.  Doc. No. 12 at 2.  According to Washington, on that date, he received notice from the Supreme Court, in response to his March 8, 2006 letter inquiring into the status of his case, informing him that his petition for certiorari had been denied on February 28, 2005.  *Id.*  By that time, however, the one-year period of limitation for filing a § 2255 motion had expired.

---

[7] Washington's appellate counsel filed the petition for certiorari.

Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In the § 2255 context, equitable tolling "is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time.").

First, Washington has failed to allege facts that, if true, demonstrate that he exercised due diligence. For instance, Washington does not allege facts tending to show that there was some unavoidable impediment to his contacting the Supreme Court regarding the status of his petition for certiorari well before his March 8, 2006 letter of inquiry. Also unexplained is Washington's delay in waiting until March 2010 to file the instant § 2255 motion.

Moreover, "mere attorney negligence does not justify equitable tolling." *Sandvik*, 177 F.3d at 1270; *see also Jones v. United States*, 304 F.3d 1035 (11th Cir. 2002) ("Equitable tolling does not apply 'to what is at best a garden variety claim of excusable neglect.'") (quoting *Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89, 96 (1990)). Here, the alleged failure of Washington's counsel to timely inform him of the denial of his petition for certiorari

amounts to, at most, mere negligence, and does not constitute the "extraordinary circumstances" required to justify equitable tolling. *See, e.g., Sinclair v. United States*, No. 4:06-cr-01321–RBH, 2011 WL 573447, at *3 (D.S.C. Feb. 15, 2011) (counsel's delay of over eight months before informing petitioner that the United States Supreme Court had denied his petition for a writ of certiorari did not constitute an "extraordinary circumstance" warranting equitable tolling for filing of untimely § 2255 motion); *Roberts v. Watson*, 697 F. Supp. 2d 646, 652 (E.D. Va. 2010) (holding that "fact . . . counsel waited 90 days before notifying petitioner that his direct appeal had been dismissed by the Court of Appeals of Virginia . . . d[id] not warrant equitable tolling"); *Jackson v. United States*, 319 F. Supp. 2d 672, 677 (E.D. Va. 2004) (holding "the facts alleged . . . d[id] not constitute the necessary extraordinary circumstances, external to [the petitioner's] own conduct, that warrant equitable tolling," when the petitioner's counsel never informed him of the denial of the petition for a writ of certiorari); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling . . . . Any miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling."); *Helton v. Secretary for Dept. of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001) (attorney's misinforming petitioner as to filing deadline did not constitute "extraordinary circumstances" warranting equitable tolling).

While serious attorney misconduct may constitute an extraordinary circumstance for

purposes of equitable tolling, *see Holland, supra p. 10,* Washington does not establish such misconduct by his counsel.  In *Downs v. McNeil*, 520 F.3d 1311, 1318-22 (11th Cir. 2008), the Eleventh Circuit vacated a district court order dismissing a habeas petition as untimely based on a petitioner's counsel's alleged misconduct that "ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit."  *Id*. at 1323. Although the court of appeals viewed counsel's behavior as a whole, it was material to the *Downs* decision that the alleged acts of attorney misconduct included affirmative misrepresentations to the petitioner by counsel about the filing of a state habeas petition: such filing would have tolled the federal habeas limitations period.[8]  *Id*. at 1323-24.  The Eleventh Circuit in *Downs* repeatedly and specifically noted counsel's lie, one that deprived the petitioner of as many as three months of his limitation period before it was discovered. *Id*.  The circumstances alleged by Washington, however, fall far short of evidencing such egregious misconduct by his counsel.  Nor do they evidence reasonable diligence by Washington to ensure that his § 2255 motion would be timely filed, or circumstances beyond Washington's control.  Consequently, equitable tolling is not warranted in this case.

In sum, Washington's § 2255 motion is untimely pursuant to § 2255(f)(1), and

---

[8]The Eleventh Circuit reached similar conclusions in *Kicklighter v. United States*, 281 F. App'x 926 (11th Cir. 2008) (unpublished); and *Hammond v. Frazier*, 275 F. App'x 896 (11th Cir. 2008) (unpublished).  Both cases involved allegations of affirmative misrepresentations by counsel. In *Kicklighter*, the petitioner alleged that counsel "lied to him about whether the appeal had been filed."  281 F. App'x at 926.  In *Hammond*, the petitioner alleged that his "post-conviction counsel falsely told him that counsel had filed the state habeas petition."  275 F. App'x at 896.

Washington has not presented any arguments sufficient to warrant review of the motion despite its untimeliness.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice.  It is further

ORDERED that **on or before October 10, 2011** the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of September, 2011.


                              /s/ Wallace Capel, Jr.
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE